IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

GARY WESTERMAN                                                    PLAINTIFF

V.                         Civil No. 10-6055

THE UNITED STATES OF AMERICA                                      DEFENDANT

## MEMORANDUM OPINION AND ORDER

Currently before the Court are Defendant's Motion to Dismiss (doc.14), statement of facts (doc. 15), supporting brief (doc. 16), Plaintiff's response in opposition[1] (doc. 19), supporting brief (doc. 20) and statement of facts (doc. 21). Also before the Court are Plaintiff's Motion to Remove Plaintiff's Summary Judgment Motion from Docket as Untimely and to Strike Plaintiff's Statement of Facts (doc. 24), supporting brief (doc. 24) and Plaintiff's reply (doc. 30). For the reasons stated herein, Defendant's Motion for Summary Judgment is **GRANTED** and Plaintiff's Complaint (doc. 1)is **DISMISSED WITH PREJUDICE**. Defendant's Motion to Remove Plaintiff's Summary Judgment Motion from the Docket as Untimely and

---

[1] Mr. Westerman's memorandum brief in opposition to defendant's motion for summary judgment also purports to be in support of his own cross-motion for summary judgment (doc. 20, 22). The cross-motion was filed on December 20, 2011, well after the court's November 28, 2011, deadline for dispositive motions. (doc. 13). Even though Plaintiff's cross-motion was filed late, the Court has fully considered the motion and ruled on the motion based on the merits.

to strike Plaintiff's Statement of Facts(doc. 24) is **DENIED.**

**I.   BACKGROUND**

Westerman filed this case asking for a refund of money paid to the Internal Revenue Service, pursuant to 26 U.S.C. § 6672. The refund request stems from a business known as WestCorp, Inc. ("WestCorp"), of which Westerman was the sole shareholder and executive officer. WestCorp owned and operated an office supply store, S&S Business World, in Hot Springs from 1999 to 2002. S&S Office World's financial situation began deteriorating in 2000 due to the opening of a competitor. WestCorp experienced cash flow problems during 2000 and 2001 that led to it becoming delinquent in remitting its Federal Employment Taxes ("FET") to the Internal Revenue Service ("IRS"). S&S Office World ceased operating in early 2002 due to its continued losses. (doc. 20 at 1). Westerman attempted to fully pay or almost fully pay for certain months, but made no deposits or payments for other months. Many of his monthly deposits were late. The United States then assessed a Trust Fund Recovery Penalty ("TFRP") of $35,824.45 against Westerman individually for willful failure to pay over Trust Funds ("TF") pursuant to 26 U.S. C. § 6672. (doc. 20 at 2).

Westerman contends that he is only liable for $28,955.15 as the penalty because he did not "willfully" fail to pay over the TF portions of each of the Federal Tax Deposits in which he made no payment or less than the required amount.

**II.   STANDARD OF REVIEW**

Summary judgment is appropriate when, viewing the facts and inferences in the light most favorable to the nonmoving party, "the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law."   Fed.R.Civ.P. 56(c).  The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322(1986).  "A party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  *Id.* at 323.  If the moving party meets the initial burden, the burden then shifts to the opposing party to produce evidence of the existence of a genuine issue for trial.  *Id.* at 324.

The evidence must be viewed in the light most favorable to the nonmoving party, giving the nonmoving party the benefit of all reasonable inferences.  *Kenney v. Swift Transport, Inc.*, 347 F.3d

1041, 1044 (8th Cir. 2003).  "In ruling on a motion for summary judgment, a court must not weigh evidence or make credibility determinations."  *Id.*  "Where the unresolved issues are primarily legal rather than factual, summary judgment is particularly appropriate."  *Koehn v. Indian Hills Cmty. Coll.*, 371 F.3d 394, 396 (8th Cir. 2004).

**III. DISCUSSION**

Title 26 U.S.C. §§ 3102(a) and 3402(a) of the Internal Revenue Code ("IRC") require the employer to withhold income and Social Security taxes from wages and to pay them to the government.  An employer acts willfully when it pays employees and creditors instead of the IRS, because the employer cannot prefer the creditors instead of paying the employment tax liability.  *Honey v. United States,* 963 F.2d 1083, 1092 (8th Cir. 1992).  To be personally liable under § 6672, one must be (1) a responsible person and (2) act willfully in not paying the taxes.  *Ferguson v. United States*, 484 F.3d 1068, 1072 (8th Cir. 2007).  The Eighth Circuit has held that an individual is a responsible person even if he or she did not become aware of the delinquency until a later date.  *Kizzier v. United States*, 598 F.2d 1128, 1132 (8th Cir. 1979).

    A.   RESPONSIBLE PERSON

The first issue is whether Westerman is a responsible person who was required to collect payroll taxes for WestCorp for 2000 and

4

2001 within the meaning of §§ 6671 and 6672 of the IRC. The person who fails to collect and pay theses taxes may be made personally liable to a penalty that equals the amount of the delinquent taxes. *Slodov v. United States*, 436 U.S. 238, 244-45(1978). To be a responsible person, that person must have significant control over the funds. The court looks at several factors, including: position and role in the company, involvement in management, compensation, ability to hire and fire employees and the perception of being the person in charge. *Ferguson*, 484 F.3d 1068 (8th Cir. 2007). In his complaint, Westerman admits that he was a responsible officer of WestCorp: "Plaintiff was the sole shareholder and executive officer of WestCorp, Inc. The Defendant properly determined that plaintiff was the only 'willful and responsible' person causing WestCorp, Inc. to accrue unpaid employment taxes, as required by 26 U.S.C. § 6672." (doc. 1).

The Court finds that Westerman is a responsible person within the meaning of IRC § 6672.

B.   WILLFUL FAILURE TO COLLECT AND PAY

The second issue is whether Westerman willfully failed to collect and pay the payroll taxes pursuant to §§ 6671 and 6672 of the IRC. It is Westerman's contention that the payments he made during the applicable quarters were misapplied by the IRS. (doc. 20 at 5). He claims that his payments consisted of identifiable portions of Trust Fund and Non Trust Fund (employer matching

contributions) ("NTF") liability based on his payroll records[2]. The IRS, however, applied the monthly FTD payments to WestCorp's aggregate NTF liability for each quarter before reducing the aggregate TF portion of the quarter's liability. Plaintiff contends that he did not willfully fail to pay over the TF portion of the FTD because he "intended and believed" that each of WestCorp's FTDs was paid toward the component TFs for the specific payroll periods to which each FTD related. (doc. 20 at 6).

Viewing the evidence in the light most favorable to Westerman and taking as true his affidavit expressing that his intention was that his payments were to be applied first to the TF portion, the undisputed fact is that he failed to designate such payments to the IRS at the time he made them. (doc. 20, ex.1)(doc. 14, ex. 3). In the absence of a specific designation, the IRS is entitled to apply deposits and payments as it determines them to be in the best interest of the IRS, in order to collect the taxes that will be hardest to recover, even if it results in an increased tax liability. *See Davis v. United States*, 961 F.2d 867, 871, 879-880 (9th Cir. 1991)(holding that the IRS could reallocate payments from trust fund portion of tax debt to non-trust fund portion, where the

---

[2]Westerman identified his "payroll records" as a spreadsheet he sent to the IRS in 2003 for the purpose of setting up an installment plan to pay the delinquent taxes; he testified in his deposition that he did not include the spreadsheet with any of his monthly payments during the applicable quarters. (doc. 14, ex. 3).

reallocation increased the taxpayer's penalty from $2,888.98 to $18,848.19.)

An individual willfully fails to pay over employment taxes if he or she "acts or fails to act consciously and voluntarily and with knowledge or intent that as a result of his action or inaction trust funds belonging to the government will not be paid over but will be used for other purposes, or by proceeding with a reckless disregard of a known or obvious risk that trust funds may not be remitted to the government." *Oppliger v. United States*, 637 F.3d 889, 894 (8th Cir. 2011). In *Oppliger*, the business owners argued that their bookkeeper embezzled money from the company and changed and withheld accounting information that kept them from knowing the employment taxes had not been paid. The court found that once the Oppligers became aware of their tax liability after an IRS officer visited the business, they were obligated to pay the taxes before satisfying their creditors. *Id.* "The term willfully does not connote a bad or evil motive, but rather means a voluntary, conscious and intentional act, such as the payment of other creditors in preference to the United States." *Elmore v. United States*, 843 F.2d 1128, 1132 (8th Cir. 1988).

Westerman testified that he missed some payments and was late in making some payments because he "didn't have the cash to make the deposits." (doc. 14, ex.3 at 45 - 46). Additionally, he testified that he paid several past due bills during the time when

7

his tax liabilities were accruing. Westerman knew of his tax liability in 2000 and 2001 when he failed to make full payment of employment taxes for the quarters at issue and continued to pay employees and third-party creditors rather than the IRS. Such knowledge and subsequent payments to employees and third-party creditors connote willfulness. *Honey*, 963 F.2d at 1087. The Court finds Westerman's "good faith" defense and argument that the rule of equity should apply to be without merit.

The Court finds Westerman acted willfully when he made payments to creditors without first fulfilling his liability for payroll taxes due and owing to the United States.

IV. **CONCLUSION**

Accordingly, the Motion for Summary Judgment (doc. 14) by the United States is **GRANTED** and the Motion for Summary Judgment by Westerman (doc. 19)is **DENIED**. In light of the Court's ruling, the United States' Motion to Remove Plaintiff's Summary Judgment Motion from the Docket as Untimely and to Strike Plaintiff's Statement of Facts (doc. 24) is **DENIED.** Plaintiff's Complaint (doc. 1) is **DENIED WITH PREJUDICE.**

IT IS SO ORDERED this 3rd day of February, 2012.

/s/ Robert T. Dawson
Honorable Robert T. Dawson
United States District Judge